## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

CITIZENNET, INC.

    *Plaintiff*,

vs.

CITIZENS NETWORK, LLC
and CITIZENS GROUP LLC

    *Defendants*.

Case No. _____

Hon. _____

_____

## COMPLAINT AND JURY DEMAND

Plaintiff CITIZENNET, INC. ("CITIZENNET"), by its attorneys Honigman Miller Schwartz and Cohn LLP, for its Complaint against Defendants CITIZENS NETWORK, LLC and CITIZENS GROUP LLC alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for: (i) false designation of origin and unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (ii) cancellation of a trademark registration pursuant to the Lanham Act, 15 U.S.C. §1119; and (iii) trademark infringement and unfair competition in violation of

1

Michigan common law.

1. Plaintiff CITIZENNET, INC. is a Delaware corporation with its principal place of business located at 8548 W. Washington Blvd., Culver City, California 90232.

2. On information and belief, Defendant CITIZENS NETWORK, LLC is a Michigan limited liability company with its principal place of business located at 3204 Blackberry Creek Drive, Burton, Michigan 48519.

3. On information and belief, CITIZENS NETWORK, LLC was organized on February 18, 2016, and Leslie Grundy is the resident agent.

4. The Articles of Organization of CITIZENS NETWORK, LLC state its business purpose as "networking" and further indicate that "Citizens Network is owned by the Citizens Group LLC. . . The Citizens Group LLC shall serve as the Managing Member of Citizens Network LLC."

5. On information and belief, Defendant CITIZENS GROUP, LLC is a 501(c)(3) public charity organized in South Carolina. It is classified as a not for profit whose purpose is "Ethnic / Immigrant Services."

6. On information and belief, CITIZENS GROUP, LLC was organized in 2009, and Marvin Morris is the registered agent.

7. On information and belief, Marvin Morris is the Principal Officer of CITIZENS GROUP, LLC.

8. On information and belief, Defendant CITIZENS GROUP, LLC also does business under the name The Urban Initiative.

9. Defendants CITIZENS NETWORK, LLC and CITIZENS GROUP, LLC are referred to herein collectively as "CITIZENS" or "DEFENDANTS".

10. This Court has subject matter jurisdiction under 15 U.S.C. §1121(a), 28 U.S.C. §§ 1331 and 1338 in that this case arises under the Lanham Act (15 U.S.C. § 1051, *et. seq.*).

11. This Court has subject matter jurisdiction over CITIZENNET's Michigan state law claims pursuant to 28 U.S.C. § 1338(b) (claims of trademark infringement and unfair competition joined with substantial and related trademark claims) and 28 U.S.C. § 1367(a) (claims that are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy).

12. Personal jurisdiction over Defendants is appropriate because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and because, also on information and belief, Defendants engage in substantial and systematic commercial activities with individuals and entities located in Michigan, have offered services within the State of Michigan in the ordinary course of trade, and otherwise have constitutionally sufficient contacts with Michigan so as to make personal jurisdiction proper in this Court. Further,

3

Defendant CITIZENS NETWORK, LLC is a Michigan limited liability company and has purposely availed itself of the laws of the State of Michigan. Defendant CITIZENS GROUP, LLC owns and controls and is the Managing Member of Defendant CITIZENS NETWORK, LLC. Moreover, Defendants intentionally infringed on intellectual property rights that they knew were owned by Plaintiff. Their actions were expressly aimed at Michigan, and caused harm in Michigan that Defendants knew were likely to be suffered.

13. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, and injuries giving rise to the claims occurred in this Judicial District, and because Defendants are subject to personal jurisdiction in this Judicial District at the time this action is commenced, as described in a foregoing paragraph.

## FACTUAL BACKGROUND

### CITIZENNET and its Asserted Trademark

14. CITIZENNET uses real-time data to deliver targeted advertising for better results. It provides both marketing services, as well as a platform as a service solution.

15. CITIZENNET is the owner of the trademark CITIZENNET for "advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing,

inquiry marketing, internet marketing, mobile marketing, and other forms of passive, sharable or viral communications channels; providing marketing consulting in the field of social media; social media strategy and marketing consultancy focusing on helping clients create and extend their product and brand strategies by building targeted marketing solutions," and for "Platform as a service (PAAS) featuring computer software platforms for managing advertising campaigns, namely, social media advertising; providing technology consulting in the field of social media; platform as a service (PAAS) featuring computer software platforms for the creation and sharing of interactive web based dashboards used in analyzing social media advertising performance, namely, automatically obtaining data from one or more social media platforms and providing tools for comparing, computing, analyzing, visualizing, and downloading the obtained data to provide analytics of the social media advertising performance" (the "CITIZENNET Mark"). The CITIZENNET Mark has been in use in U.S. commerce by CITIZENNET since at least as early as March, 2010. CITIZENNET filed an Application with the United States Patent and Trademark Office ("PTO") for U.S. Service Mark Registration on September 6, 2016, Application Ser. No. 87/161898. A true and accurate copy of the CITIZENNET Application is attached at **Ex. A**. CITIZENNET has established valuable and enforceable trademark rights in its trademark through bona fide use of the mark in

commerce.

16. CITIZENNET claimed a date of first use of the CITIZENNET Mark of at least as early as March, 2010 in connection with the services described in the Application.

17. CITIZENNET's common law rights in the CITIZENNET Mark date back to its release of the beta version of the platform at least as early as September, 2009.

18. The CITIZENNET Mark was in use nationwide prior to CITIZENS NETWORK'S claimed first use.

19. On December 14, 2016, the PTO issued a rejection of the CITIZENNET Application based on a prior, pending Application filed by Defendant CITIZENS NETWORK, LLC.[1]

20. After receiving the PTO Office Action rejecting the CITIZENNET Application, in or around May, 2017, CITIZENNET's attorney contacted CITIZENS NETWORK asserting CITIZENNET's priority of rights. A true and accurate copy of that communication is attached at **Ex. B.**

21. No response has been received in response to Plaintiff's May 2017

---

[1] The CITIZENNET Application was also rejected based on a prior registration of the mark CITIZEN; however, CITIZENNET submitted arguments against likelihood of confusion and such rejection was withdrawn by the PTO Examiner.

letter.

22. On June 15, 2017, the CITIZENNET Application was suspended pending disposition of the Application filed by CITIZENS NETWORK. A true and accurate copy of the Suspension Notice is attached at **Ex. C**.

23. CITIZENNET operates a website at www.citizennet.com and has built a reputation in the field of targeted advertising. CITIZENNET has invested extensive time and resources into building its reputation and the goodwill associated with its CITIZENNET Mark. As a result of these efforts, the CITIZENNET Mark enjoys a high degree of recognition and goodwill throughout the United States and customers recognize the mark as identifying the services of CITIZENNET and distinguishing them from others.

24. CITIZENNET's clients include nationally recognized and prominent businesses and brands including Lipton, a CPG brand; House of Blues; Caesars; and Fox Entertainment.

25. CITIZENNET uses the CITIZENNET Mark prominently in marketing materials, on its website, and elsewhere in connection with its advertising and marketing services and platform as a service offering. CITIZENNET has used the CITIZENNET Mark continuously in this manner since at least as early as March, 2010.

**Defendants' Use of the CITIZENS NETWORK Service Mark In Connection With the Same Types of Services Provided by CITIZENNET**

26. Upon information and belief, in 2016, CITIZENS NETWORK, LLC was organized to provide social marketing services. *See* Articles of Organization dated February 18, 2016, **Ex. D**.

27. On information and belief, the Articles of Organization specifically identify CITIZENS GROUP, LLC as the owner and Managing Member of CITIZENS NETWORK, LLC. CITIZENS GROUP, LLC controls CITIZENS NETWORK, LLC and the Principal Officer of CITIZENS GROUP, LLC, Marvin Morris has acted on behalf of CITIZENS GROUP, LLC.

28. On February 14, 2016, CITIZENS NETWORK, LLC filed an Application with the PTO for U.S. Service Mark Registration of CITIZENS NETWORK for "social media strategy and marketing consultancy focusing on helping clients create and extend their product and brand strategies by building virally engaging marketing solutions; advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing, inquiry marketing, internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral communications channels; marketing and consulting services in the field of promoting and tracking the goods, services, and brands of others through all public communication means; on-line

customer-based social media brand marketing services," in International Class 35, Application Serial No. 86/907460 (the "CITIZENS NETWORK Application"). A true and accurate copy of the CITIZENS NETWORK Application is at **Ex. E.**

29.  In the CITIZENS NETWORK Application, CITIZENS NETWORK, LLC claimed a date of first use of its mark as of August, 2013, and submitted a webpage with no identifying information, but purportedly displaying the CITIZENS NETWORK Mark:



30.  The CITIZENS NETWORK Application was signed by M.E.M., aka Marvin Morris on or about February 14, 2016, the registered agent and principal

9

officer of Defendant CITIZENS GROUP, LLC.

31. On June 3, 2016, the PTO rejected the specimen of use because it fails to show an association between the applied-for mark and the services. A true and accurate copy of the PTO Office Action is at **Ex. F.**

32. Rather than submitting a substitute specimen of use, CITIZENS NETWORK, LLC converted the basis of the CITIZENS NETWORK Application to "intent to use." A true and accurate copy of the Response to Office Action dated November 14, 2016 is at **Exh. G.**

33. At the time of filing of the amendment, Applicant CITIZENS NETWORK, LLC was represented by an attorney, Francis John Ciaramella of Florida who signed the Response to Office Action.

34. The PTO issued a Notice of Allowance of the CITIZENS NETWORK Mark on or about March 14, 2017.

35. On July 23, 2017, two months after receiving the letter from the attorney for CITIZENNET claiming priority rights, CITIZENS NETWORK filed a Statement of Use of the CITIZENS NETWORK Mark claiming a date of first use of October, 2009, and submitted a new specimen of use for an event dated July 10, 2017. A true and accurate copy of the CITIZENS NETWORK Specimen is at **Exh. H.**

36. On information and belief, attorney Ciaramella would not have signed

a Declaration in support of use that was not supported by the facts.

37. On information and belief, Ciaramella caused the fraudulent Statement of Use to be signed directly by Marvin Morris.

38. On information and belief, Defendants have no legitimate basis for CITIZENS NETWORK, LLC's claimed date of first use of October, 2009.

39. Rather, October, 2009 is the date that CITIZEN GROUP, LLC, the entity providing immigration services was organized.

40. On information and belief, the CITIZENS NETWORK Specimen was fabricated for purposes of filing the Statement of Use in order to overcome Plaintiff's priority of use. Indeed, Defendants were well aware of Plaintiff's priority claim at the time they filed the amended Statement of Use, having already received Plaintiff's letter.

41. On information and belief, the event that occurred on the date, time and location advertised in the brochure submitted in connection with the amended and fabricated Statement of Use was a networking event of The Urban Initiative – not an event connected to Defendant CITIZENS NETWORK, the entity submitting the trademark application.

42. The Statement of Use was signed on July 23, 2017 by M.E. Morris, also known as Marvin Morris, who attested to the use of the mark, and the veracity of the factual contentions made in the Statement of Use. *See* **Ex. I**.

43. On information and belief, the Statement of Use and fabricated specimen submitted by Marvin Morris and CITIZENS NETWORK, LLC contained knowingly false representations of material fact intended to deceive the PTO.

44. In fact, the PTO did rely on the declaration of Marvin Morris, and on September 26, 2017, the PTO issued a U.S. Registration of the CITIZENS NETWORK Mark (the "CITIZENS NETWORK Registration"). A true and accurate copy of the CITIZENS NETWORK Registration is at **Ex. J.**

45. Now that the CITIZENS NETWORK Registration has issued, the PTO will take the CITIZENNET Application off suspension, and reject it.

46. CITIZENNET has suffered harm because of the suspension of its application and will continue to suffer harm from the rejection of its CITIZENNET Application and the inability to register its mark.

47. CITIZENS' use of the CITIZENS NETWORK Mark in connection with the same services identified by the CITIZENNET Mark is likely to cause confusion, mistake, and/or deception as to a relationship or affiliation between CITIZENS and CITIZENNET.

48. As a result of Defendants' use of the CITIZENS NETWORK Mark, CITIZENNET has and will continue to suffer harm.

# COUNT I
## FALSE DESIGNATIONS OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125

49. The allegations of the foregoing paragraphs are incorporated herein by reference.

50. The CITIZENNET Mark is distinctive.

51. CITIZENNET's common law rights predate CITIZEN NETWORK'S common law rights, and CITIZENNET's Mark has been in continuous use nationwide long prior to CITIZENS NETWORK's Application.

52. The parties' respective marks are highly similar in sound, appearance, connotation and commercial impression.

53. The services identified by the CITIZENS NETWORK Mark are identical to and encompassed by the services identified by the CITIZENNET Mark.

54. On information and belief, the trade channels and target markets are the same or highly similar.

55. The CITIZENS NETWORK Mark that is the subject of U.S. Reg. No. 5,297,258 is so similar to the CITIZENNET Mark as to create a likelihood of confusion, or to cause mistake, or to deceive, within the meaning of 15 U.S.C. §1052.

56. CITIZENS NETWORK's actions upon being informed of CITIZEN NETWORK'S priority rights, including its failure to respond, to fabricate evidence, and its continued use of the CITIZENS NETWORK Mark in connection with services identical to those identified by the CITIZENNET Mark constitutes willful infringement of CITIZENNET's rights in violation of 15 U.S.C. §1125.

57. Because CITIZENS GROUP, LLC is the Managing Member of Defendant CITIZENS NETWORK, LLC and directly controls CITIZEN NETWORK, LLC's activities, CITIZENS GROUP, LLC is also liable for infringement of CITIZENNET's rights in violation of 15 U.S.C. §1125.

58. Defendants' actions were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. §1117(a).

59. As a direct and proximate result of CITIZENS' conduct, CITIZENNET has suffered irreparable harm, and other damages in an amount to be proved at trial. Unless Defendants are restrained from further infringement of the CITIZENNET Mark, CITIZENNET will continue to be irreparably harmed.

60. CITIZENNET has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

## COUNT II
## CANCELLATION OF CITIZENS NETWORK'S
## REGISTRATION UNDER 15 U.S.C. §1119

61. The allegations of the foregoing paragraphs are incorporated herein by reference.

62. Upon being informed of CITIZENNET's rights, on information and belief, CITIZENS NETWORK claimed an unsupported and false earlier date of first use.

63. Upon being informed of CITIZENNET's rights, on information and belief, CITIZENS NETWORK, LLC submitted a fabricated specimen of use for an event that did not occur in connection with its own services but were under the auspices of Defendant CITIZENS GROUP doing business as The Urban Initiative.

64. As set forth above, the Statement of Use filed in support of registration of the CITIZENS NETWORK Mark signed by Marvin Morris contained willful and knowing false representations that the claimed date of first use of the CITIZENS NETWORK Mark in connection with the services identified in the Application was at least as early as October 24, 2009 and verified the accuracy of the specimen in support of use.

65. These knowingly false representations of material fact were intended to and did deceive the PTO.

66. Accordingly, CITIZENNET requests cancellation of Reg. No. 5,297,258 under 15 U.S.C. §1119 on the grounds that the registration of CITIZENS NETWORK Mark was obtained fraudulently under 15 U.S.C. §1064(3).

## COUNT III
## TRADEMARK INFRINGMENT AND UNFAIR COMPETITION UNDER MICHIGAN COMMON LAW

1. The allegations of the foregoing Paragraphs are incorporated herein by reference.

2. Defendants' use of the CITIZENS NETWORK Mark is likely to cause confusion or mistake, or to deceive as to Defendant's affiliation, connection, or association with CITIZENNET, or as to the origin, sponsorship, or approval of Defendants' services.

3. Defendants' use of the CITIZENS NETWORK Mark constitutes trademark infringement and unfair competition in violation of the common law of the State of Michigan.

4. Because CITIZENS GROUP, LLC is the Managing Member of Defendant CITIZENS NETWORK, LLC and directly controls CITIZEN NETWORK, LLC's activities, CITIZENS GROUP, LLC is also liable for trademark and unfair competition under Michigan common law.

5. The actions, conduct, and practices of Defendants described above have been willful, in bad faith and/or knowing.

## DEMAND FOR RELIEF

WHERERFORE, Plaintiff prays for relief for the above Causes:

a. Enter judgment in favor of Plaintiff on all Counts of the Complaint;

b. Enter a temporary, interlocutory, and permanent injunction restraining Defendants, its agents, servants, employees, successors and assigns and all others in concert and privy with Defendants using the mark "CITIZENS NETWORK" and others, or any colorable similar variants thereof on or in connection with the offering of advertising and marketing services; from unfairly competing with Plaintiff; from engaging in unfair and deceptive trade practices; and from injuring Plaintiff's business reputation, pursuant to 15 U.S.C. §1116;

c. Order the United States Patent and Trademark Office to cancel U.S. Trademark Reg. No. 5,297,258 and continue prosecution of Plaintiff's Application 87/161898.

c. Award Plaintiff general and compensatory damages; actual damages; incidental, special, consequential, and exemplary damages; and damages for the unjust enrichment caused by Defendants' infringement;

d. Require Defendants to account for and to pay to Plaintiff, all of Defendants' profits and all damages suffered by Plaintiff as a result of Defendants' acts, together with interest, and that Plaintiff's recovery be trebled, pursuant to 15 U.S.C. §1117;

e. Order Defendants to surrender for destruction all labels, signs, advertisements, billboards, flyers, brochures, coupons, literature, nameplates, website addresses and other material incorporating or reproducing the infringing marks, pursuant to 15 U.S.C. §1118;

g. Award Plaintiff all costs and interest in this action;

h. Award Plaintiff all expenses incurred in this action, including reasonable attorneys' fees; and

i. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

CITIZENNET respectfully requests a jury trial on all claims so triable.

Dated: October 24, 2017

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: /s/ Deborah J. Swedlow
Deborah J. Swedlow (P67844)
315 E. Eisenhower Parkway, Suite 100
Ann Arbor, MI 48108
Tel: (734) 418-4268
Fax: (734) 418-4269
bswedlow@honigman.com
*Attorney for Plaintiff*